IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO. 23-02938-eg |
| MARTIN ALAN TRIPP | |
| Debtor | CHAPTER 7 |
| | |
| TESLA, INC | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| MARTIN ALAN TRIPP | |
| Defendant. | |

## COMPLAINT SEEKING EXCEPTION TO DISCHARGE

This is an adversary proceeding brought pursuant to 11 USC §§101 et seq. (the Code) and 11 USC 523(a)(2), (a)(4), (a)(6), and (a)(19) objecting to the dischargeability of the indebtedness and obligations owed by the Defendant Debtor to Judgment Creditor Tesla, Inc. ("Tesla").

### JURISDICTION AND VENUE

1.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 28 USC §157 in that this proceeding arises under Title 11 of the United States Code, arises in and is related to the above referenced Chapter 7 case, and concerns the dischargeability of debt. This is a core proceeding filed pursuant to the Fed. R. Bnkr. P. 7001(6). Plaintiff consents to entry of final orders or judgment by this Court.

2.     Venue lies in this District pursuant to Section 1409 of Title 28 of the United States Code.

### Parties

3.     Defendant Martin Tripp ("Mr. Tripp" or "Debtor") is a debtor under Chapter 7 of Title 11 of the United States Code, which case is presently pending before this Court. On information and belief, he currently resides in Charleston, South Carolina.

4.      Plaintiff Tesla is a publicly traded Delaware corporation with its principal place of business in Austin, Texas.  Tesla is listed in Debtor's Schedule of creditors.

**<u>Factual Allegations</u>**

5.      On June 20, 2018, Tesla filed a complaint against Mr. Tripp in the United States District Court, District of Nevada, alleging violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq., the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. §§ 600A.10 et seq., the Nevada Computer Crimes Law, Nev. Rev. Stat. § 205.4765, and breach of contract and breach of the fiduciary duty of loyalty.  The complaint in that matter is included here as Exhibit 1, and is incorporated by reference as if fully set forth herein.

6.      The lawsuit arose from the misconduct of Mr. Tripp, a former employee of Tesla, Inc., who, among other things, unlawfully hacked the company's confidential and trade secret information and transferred that information to third parties to his benefit.

7.      Mr. Tripp joined Tesla in October 2017, at the Nevada Gigafactory as a process technician.  As part of his job, Mr. Tripp had access to highly sensitive information relating to, among other things, certain facets of the manufacturing process for the company's battery modules.

8.      Tesla owns and possesses data, compilations, programs, techniques, methods, systems, processes, designs, procedures, and computer programming instructions and code that derive independent economic value from not being known generally to, and not being readily ascertainable through proper means by, the public or any other persons who can obtain commercial or economic value from the information.  Tesla derives independent economic value from the fact that its confidential, proprietary, and trade secret information is not generally known to the public and not readily ascertainable through proper means.  Tesla has taken, and continues to take, reasonable measures to keep that information secret and confidential.

9.      Before joining Tesla, and as a condition to his continued employment, Mr. Tripp agreed not to use or disclose Tesla's confidential and proprietary information except in connection with his work with Tesla.  This obligation is memorialized in the Employee

2

Proprietary Information and Inventions Agreement that Mr. Tripp signed electronically on October 6, 2017 (the "Proprietary Information Agreement"). This contract is governed by California law.

10.     Pursuant to Section 1 of the Proprietary Information Agreement, Mr. Tripp agreed to "hold in the strictest confidence" and "not disclose, use, lecture upon or publish" any of Tesla's Proprietary Information without express authorization.

11.     Per the Proprietary Information Agreement, Proprietary information includes "information relating to products, processes, know-how, designs, formulas, methods, developmental or experimental work, improvements, discoveries, inventions, ideas, source and object codes, data, programs, other works of authorship, and plans for research and development."

12.     In addition to his contractual obligations, Mr. Tripp owed a fiduciary duty of undivided loyalty to Tesla under Nevada law and was legally required to act with good faith towards the company. At all relevant times, Mr. Tripp also had a duty to maintain the secrecy of Tesla's trade secrets.

13.     Within a few months of Mr. Tripp joining Tesla, his managers identified Mr. Tripp as having problems with job performance and at times being disruptive and combative with his colleagues. As a result of these and other issues, on or about May 17, 2018, Mr. Tripp was assigned to a new role. Mr. Tripp expressed anger that he was reassigned, and thereafter retaliated against Tesla by stealing confidential and trade secret information and disclosing it to third parties, and by making false statements intended to harm the company and enrich himself.

14.     On June 14 and 15, 2018, Tesla investigators interviewed Mr. Tripp regarding his misconduct. Mr. Tripp initially denied such misconduct, but when presented with evidence contradicting his claims, Mr. Tripp admitted to writing software that hacked Tesla's manufacturing operating system ("MOS") and to transferring several gigabytes of Tesla data to outside entities. This included photographs and video of Tesla's manufacturing systems. Mr.

3

Tripp also admitted that he attempted to recruit additional sources inside the Gigafactory to share confidential Tesla data outside the company.

15.     Beyond the misconduct to which Mr. Tripp admitted, he also wrote computer code to periodically export Tesla's data off its network and into the hands of third parties. His hacking software was operating on three separate computer systems of other individuals at Tesla so that the data would be exported even after he left the company and so that those individuals would be falsely implicated in unlawful behavior.

16.     Mr. Tripp also made false claims to the media about the information he stole. For example, Mr. Tripp falsely claimed that punctured battery cells had been used in certain Model 3 vehicles, even though no punctured cells were ever used in vehicles, batteries or otherwise. Mr. Tripp also vastly exaggerated the true amount and value of "scrap" material that Tesla generated during the manufacturing process, and falsely claimed that Tesla was delayed in bringing new manufacturing equipment online. Ultimately, Mr. Tripp admitted that he received certain financial benefits from short sellers of Tesla stock throughout the course of his dispute with Tesla.

17.     Without Tesla's consent, Mr. Tripp stole the confidential, proprietary, and trade secret information in an improper and unlawful manner, and thereby committed one or more acts of actual or threatened misappropriation of trade secrets under both federal and Nevada law. On information and belief, Mr. Tripp intended to and/or did profit from the sharing of this information and his actions were also intended to harm Tesla.

18.     The improper means used by Mr. Tripp to acquire and disclose Tesla's trade secrets included:

    a.   Breaching specific provisions of the Proprietary Information Agreement;

    b.   Writing software to hack Tesla's MOS;

    c.   Exfiltrating confidential and proprietary data from Tesla's MOS for the purpose of sharing the data with persons outside the company;

    d.   Sending third parties a confidential code or "query";

4

    e.    Taking and sharing with third parties dozens of photographs of Tesla's manufacturing systems;

    f.    Taking and sharing with third parties video of Tesla's manufacturing systems; and

    g.    Attempting to conceal electronic evidence of his misappropriation and disclosure of trade secrets.

19.    Mr. Tripp's misappropriation of Tesla's trade secrets was willful and malicious and was undertaken for the purpose of harming Tesla and unjustly enriching himself. As a result of Mr. Tripp's misconduct and fraud, Tesla suffered significant and continuing damages.

20.    By violating the Proprietary Information Agreement, Mr. Tripp also breached his contractual obligations to Tesla by, among other things:

    a.    Writing software to hack Tesla's MOS;

    b.    Divulging confidential and proprietary information, combined with fabricated data and other false information, about Tesla's Model 3 operations at the Gigafactory to other third parties;

    c.    Transferring confidential and proprietary data from Tesla's MOS to third parties;

    d.    Sending third parties a confidential code or "query";

    e.    Taking and sharing with third parties photographs of Tesla's manufacturing systems; and

    f.    Taking and sharing with third parties a video of Tesla's manufacturing systems.

    g.    Mr. Tripp's wrongful conduct was not only a breach of his agreement with Tesla, it took place at a time when he continued to owe fiduciary duties to Tesla. Mr. Tripp utilized Tesla's time, facilities, and resources to engage in this wrongful conduct.

21.    As a direct and proximate result of the foregoing breaches, Tesla suffered damages, including, but not limited to, damages reflecting lost business, lost profits, and damage to goodwill.

22.     Throughout the course of Tesla's litigation against Mr. Tripp, Mr. Tripp continued to engage in misconduct, causing further damage to Tesla.

23.     Ultimately, Mr. Tripp's counsel withdrew from representing him on August 14, 2020.

24.     On the same day, the Nevada District Court determined that Mr. Tripp violated the Court's Protective Order.  During a hearing related to these issues, the Nevada District Court found that Mr. Tripp "knowingly and willingly violated the terms of the Court's protective order (ECF No. 44) and the Court's subsequent order (ECF No. 205)."  At the same hearing, Mr. Tripp "agree[d] that he knowingly and willingly disclosed information regarding this case in violation of the Court's orders (ECF No. 44) and (ECF No. 205)" and, as a result, the Court ordered Mr. Tripp to pay Tesla $25,000 in sanctions as a result of his misconduct.

25.     These findings and admissions are memorialized in the Nevada District Court's order, attached as Exhibit 2 and incorporated by reference as if fully set forth herein.

26.     On November 30, 2020, the United States District Court for the District of Nevada, entered a Stipulated Judgment wherein Mr. Tripp "acknowledge[d] and agree[d] that he violated the Court's Protective Order and does not contest Tesla's contentions that he violated the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat §§ 600A. 10 et seq., breached the Tesla Motors, Inc. Employee Proprietary Information and Inventions Agreement, breached his fiduciary duties to Tesla, and violated the Nevada Computer Crimes Law, Nev. Rev. Stat. § 205.4765."  This Stipulated Judgment is attached as Exhibit 3.

27.     As outlined in the Stipulated Judgment, Mr. Tripp further admitted that his attorneys' fees, including those associated with his frivolous counterclaim, dismissed by the Court at summary judgment, were funded by a short seller of Tesla stock.

28.     On information and belief, Mr. Tripp received benefits from at least one short seller of Tesla's stock, related to his conduct described in this Complaint.

29.     The Nevada District Court ordered, among other things:

a.    Tesla shall have and recover from Mr. Tripp the previously-awarded sanctions in the amount of $25,000.

b.    Tesla shall have and recover from Mr. Tripp damages in the amount of $400,000 pursuant to the terms of a settlement agreement between the parties.

30.    The Nevada District Court also enjoined Mr. Tripp from contacting, harassing, or disparaging Tesla or any of its former or current executives or employees, from discussing his employment at Tesla, from disclosing Tesla confidential information, and from entering any Tesla property at any time. Mr. Tripp also agreed that the Stipulated Judgment is enforceable worldwide, and he explicitly waived all defenses, objections, or other challenges, including to lack of jurisdiction, to enforcement of the Stipulated Judgment.

31.    Mr. Tripp made payments pursuant to his agreement with Tesla at various times through late 2023. On September 8, 2023, Mr. Tripp reached out to Tesla's outside law firm to request that he be permitted to increase the amount of his monthly payment, from $300 to $600 per month, also noting that he "might even attempt larger payments".

32.    Counsel was working to accommodate Mr. Tripp's request when notice was received that Mr. Tripp had instead filed a Chapter 7 Petition on September 28, 2023, seeking to discharge his entire debt to Tesla.

33.    After receiving notice of Mr. Tripp's bankruptcy, Tesla refrained from collecting further payments due to the mandatory stay associated with these proceedings.

34.    At various times, Mr. Tripp has violated the terms of Paragraph 3 and other provisions of his confidential settlement agreement with Tesla (the "Settlement Agreement").

35.    Tesla files this Adversary Proceeding to deny the discharge of the judgment debt and to ensure full enforceability of the Stipulated Judgment and Settlement Agreement referenced therein.

## COUNT ONE

### Objection to Discharge of Debt Under 11 USC 523(a)(2)(A)

36.    The above paragraphs are restated and incorporated by reference.

37.     Debtor seeks to discharge a debt obtained by false pretenses, false representations, and/or actual fraud, and other associated obligations.

38.     Debtor's discharge of his debts and obligations to Tesla should be denied pursuant to 11 USC 523(a)(2)(A).

## COUNT TWO

### Objection to Discharge of Debt Under 11 USC 523(a)(4)

39.     The above paragraphs are restated and incorporated by reference.

40.     Debtor seeks to discharge a debt obtained due to his fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and other associated obligations.

41.     Debtor's discharge of his debts and obligations to Tesla should be denied pursuant to 11 USC 523(a)(4).

## COUNT THREE

### Objection to Discharge of Debt Under 11 USC 523(a)(6)

42.     The above paragraphs are restated and incorporated by reference.

43.     Debtor seeks to discharge a debt for willful and malicious injury by the Debtor to Tesla or to the property of Tesla and other associated obligations.

44.     Debtor's discharge of his debts and obligations to Tesla should be denied pursuant to 11 USC 523(a)(6).

## COUNT FOUR

### Objection to Discharge of Debt Under 11 USC 523(a)(19)(A) and (B)

45.     The above paragraphs are restated and incorporated by reference.

46.     Debtor seeks to discharge a debt resulting from his violation of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934), in addition to state securities laws and regulations and/or orders issued under such Federal or State securities laws, and which was a result of fraud, deceit, and/or manipulation in connection with the purchase or sale of securities, and other associated obligations.

47.    Debtor seeks to discharge a debt resulting from a Stipulated Judgment and associated Settlement Agreement entered into by the Debtor related to his abovementioned violations of the State and Federal securities laws.

48.    Debtor's discharge of his debts and obligations to Tesla should be denied pursuant to 11 USC 523(a)(19)(A) and (B).

### PRAYER FOR RELIEF

**Wherefore,** Tesla prays the Court for the following relief:

A.    Entry of judgment declaring that the Defendant is not entitled to discharge his debt and obligations owed to the Plaintiff under the Stipulated Judgment and Settlement Agreement referenced therein;

B.    Entry of judgment against Mr. Tripp allowing Tesla's claims in their entirety;

C.    That the costs of this action be taxed to Defendant; and

D.    For such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

/s/ Charles P. Summerall, IV
**Charles P. Summerall, IV (Federal ID No. 4385)**
Direct: (843) 727-2205
Email: Summerall@wglfirm.com

**WALKER GRESSETTE & LINTON, LLC**
Mail:  P.O. Drawer 22167, Charleston, SC 29401
Office:  66 Hasell Street, Charleston, SC 29401
Phone:  (843) 727-2200

**Allison Huebert, Texas Bar No. 24124694**
(*Pro Hac Vice Application Pending*)
Direct: (512) 557-8797
Email: ahuebert@tesla.com
Office:  5 Tesla Road, Austin, TX 78725

**Attorneys for TESLA, INC.**

January 2, 2024

# EXHIBIT 1

1 | **JACKSON LEWIS P.C.**
Joshua A. Sliker, Nevada Bar No. 12493
2 | Joshua.Sliker@jacksonlewis.com
3800 Howard Hughes Parkway, Suite 600
3 | Las Vegas, NV 89169
Telephone:    (702) 921-2460
4 | Facsimile:    (702) 921-2461

5 | **HUESTON HENNIGAN LLP**
John C. Hueston (*pro hac vice forthcoming*)
6 | jhueston@hueston.com
Robert N. Klieger (*pro hac vice forthcoming*)
7 | rklieger@hueston.com
Marshall A. Camp (*pro hac vice forthcoming*)
8 | mcamp@hueston.com
Allison L. Libeu (*pro hac vice forthcoming*)
9 | alibeu@hueston.com
523 West 6th Street, Suite 400
10 | Los Angeles, CA 90014
Telephone:    (213) 788-4340
11 | Facsimile:    (888) 775-0898

12 | Attorneys for Plaintiff
Tesla, Inc.

13 |

14 | **UNITED STATES DISTRICT COURT**

15 | **DISTRICT OF NEVADA**

16 |

| | |
|---|---|
| 17 TESLA, INC., a Delaware corporation, | Case No. |
| 18      Plaintiff, | **COMPLAINT** |
| 19   vs. | |
| 20 MARTIN TRIPP, an individual, | |
| 21      Defendant. | |

22

23

24

25

26

27

28

## SUMMARY OF DISPUTE

1.      This suit arises from the misconduct of Martin Tripp ("Tripp"), a former employee of Tesla, Inc. ("Tesla") who unlawfully hacked the company's confidential and trade secret information and transferred that information to third parties.

2.      Tesla has only begun to understand the full scope of Tripp's illegal activity, but he has thus far admitted to writing software that hacked Tesla's manufacturing operating system ("MOS") and to transferring several gigabytes of Tesla data to outside entities. This includes dozens of confidential photographs and a video of Tesla's manufacturing systems.

3.      Beyond the misconduct to which Tripp admitted, he also wrote computer code to periodically export Tesla's data off its network and into the hands of third parties. His hacking software was operating on three separate computer systems of other individuals at Tesla so that the data would be exported even after he left the company and so that those individuals would be falsely implicated as guilty parties.

4.      Tripp also made false claims to the media about the information he stole. For example, Tripp claimed that punctured battery cells had been used in certain Model 3 vehicles even though no punctured cells were ever used in vehicles, batteries or otherwise. Tripp also vastly exaggerated the true amount and value of "scrap" material that Tesla generated during the manufacturing process, and falsely claimed that Tesla was delayed in bringing new manufacturing equipment online.

## JURISDICTION AND VENUE

5.      The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Defend Trade Secrets Act, 28 U.S.C. § 1836, *et seq.*, and has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

6.      This Court also has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Tesla, on one hand, and Tripp, on the other, are citizens of different States.

7.      This district is the proper venue for this action, as a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

5336561

## **PARTIES**

8.      Plaintiff Tesla, Inc. is a publicly traded Delaware corporation with its principal place of business in Palo Alto, California.

9.      Defendant Martin Tripp is an individual who, on information and belief, resides in Sparks, Nevada.

## **BACKGROUND**

10.     Tripp joined Tesla in October 2017 at the Nevada Gigafactory as a process technician, a job which Tripp later complained was not a sufficiently senior role for him. As part of his job, Tripp had access to highly sensitive information relating to, among other things, certain facets of the manufacturing process for the company's battery modules.

11.     Before joining Tesla, and as a condition to his continuing employment, Tripp agreed not to use or disclose Tesla's confidential and proprietary information except in connection with his work with Tesla. This obligation is memorialized in the Employee Proprietary Information and Inventions Agreement that Tripp signed electronically on October 6, 2017 (the "Proprietary Information Agreement"). In addition to his contractual obligations, Tripp owed a duty of undivided loyalty to Tesla under Nevada law and was legally required to act with good faith towards the company.

12.     Within a few months of Tripp joining Tesla, his managers identified Tripp as having problems with job performance and at times being disruptive and combative with his colleagues. As a result of these and other issues, on or about May 17, 2018, Tripp was assigned to a new role. Tripp expressed anger that he was reassigned.

13.     Thereafter, Tripp retaliated against Tesla by stealing confidential and trade secret information and disclosing it to third parties, and by making false statements intended to harm the company.

14.     On June 14 and 15, 2018, Tesla investigators interviewed Tripp regarding his misconduct. After Tripp initially stated that no misconduct had occurred, Tesla investigators confronted him with evidence to the contrary. At that point, Tripp admitted to writing software that hacked Tesla's MOS and to transferring several gigabytes of confidential and proprietary Tesla data

- 2 -
COMPLAINT

1  to entities outside the company. This included dozens of photographs and a video of Tesla's

2  manufacturing systems.

3    15.    During the interview, Tripp also admitted that he attempted to recruit additional

4  sources inside the Gigafactory to share confidential Tesla data outside the company.

5    16.    While its investigation is still in the early stages, Tesla has also discovered that Tripp

6  authored hacking software and placed it onto the computer systems of three other individuals at the

7  company so that confidential Tesla data could be persistently exported off its network from these

8  other systems to unknown third parties.

9    17.    Tripp also made false claims about the information he stole from Tesla. Tripp claimed

10  that punctured battery cells had been used in some Model 3 customer vehicles even though the

11  evidence clearly demonstrates that no punctured cells were ever used. Tripp also used the Tesla data

12  that he exported to grossly overstate the true amount and value of "scrap" material that Tesla

13  generated during the manufacturing process, and he falsely claimed that Tesla was delayed in

14  bringing new manufacturing equipment online at the Gigafactory.

15    18.    Although Tesla's investigation is ongoing, it has already suffered significant and

16  continuing damages as a result of Tripp's misconduct, which it seeks to recover through this action.

17    **FIRST CLAIM FOR RELIEF**

18    **Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.***

19    19.    Tesla realleges and incorporates by reference each of the foregoing paragraphs as

20  though fully set forth herein.

21    20.    Tesla owns and possesses certain confidential, proprietary, and trade secret

22  information, as alleged above. This confidential, proprietary, and trade secret information relates to

23  products and services that are used, shipped, sold and/or ordered in, or that are intended to be used,

24  sold, shipped, and/or ordered in, interstate or foreign commerce. Tesla vehicles and their components

25  are used worldwide.

26    21.    Tesla derives independent economic value from the fact that its confidential,

27  proprietary, and trade secret information is not generally known to the public and not readily

28

- 3 -
COMPLAINT

1    ascertainable through proper means. Tesla has taken, and continues to take, reasonable measures to
2    keep that information secret and confidential.

3        22.    Without Tesla's consent, Tripp misappropriated the confidential, proprietary, and
4    trade secret information in an improper and unlawful manner as alleged herein, and thereby
5    committed one or more acts of actual or threatened misappropriation of trade secrets within the
6    meaning of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.*

7        23.    The improper means used by Tripp to acquire and disclose Tesla's trade secrets
8    include:

9            a.    Breaching specific provisions of the Proprietary Information Agreement;

10           b.    Writing software to hack Tesla's MOS;

11           c.    Exfiltrating confidential and proprietary data from Tesla's MOS for the
12                 purpose of sharing the data with persons outside the company;

13           d.    Sending third parties a confidential code or "query";

14           e.    Taking and sharing with third parties dozens of photographs of Tesla's
15                 manufacturing systems;

16           f.    Taking and sharing with third parties a video of Tesla's manufacturing
17                 systems; and

18           g.    Attempting to conceal electronic evidence of his misappropriation and
19                 disclosure of trade secrets.

20       24.    As a direct result of Tripp's conduct, Tesla has suffered, and if the conduct is not
21    enjoined, will continue to suffer, harm.

22       25.    Tripp's conduct entitles Tesla to an injunction based on actual and threatened
23    misappropriation as set forth in 18 U.S.C. § 1836(b)(3)(A)(i).

24       26.    Tesla requests that the Court take affirmative action to protect its trade secrets, as set
25    forth in 18 U.S.C. § 1836(b)(3)(A)(ii), including by ordering the inspection of Tripp's computers,
26    personal USB and electronic storage devices, email accounts, "cloud"-based storage accounts, and
27    mobile phone call and message history to determine the extent to which Tesla trade secrets were
28    wrongfully taken and/or disseminated to others.

- 4 -
COMPLAINT

5336561

1    27.    Tripp's misappropriation and disclosure of Tesla's trade secrets entitles Tesla to

2    monetary damages, fees, and costs, as provided in 18 U.S.C. § 1836(b)(3)(B). Tesla is also entitled

3    to recover for Tripp's unjust enrichment.

4    28.    Tripp's misappropriation of Tesla's trade secrets was willful and malicious and was

5    undertaken for the purpose of harming Tesla. Tesla therefore seeks exemplary and punitive damages

6    as set forth in 18 U.S.C. § 1836(b)(C).

7                        **SECOND CLAIM FOR RELIEF**

8            **Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. §§ 600A.10 *et seq.***

9    29.    Tesla realleges and incorporates by reference each of the foregoing paragraphs as

10    though fully set forth herein.

11    30.    As set forth above, Tesla owns and possesses data, compilations, programs,

12    techniques, methods, products, systems, processes, designs, procedures, and computer programming

13    instructions and code that derive independent economic value from not being known generally to,

14    and not being readily ascertainable through proper means by, the public or any other persons who

15    can obtain commercial or economic value from the information. Tesla has made, and continues to

16    make, reasonable efforts to maintain the secrecy of these trade secrets.

17    31.    At all relevant times, Tripp had a duty to maintain the secrecy of Tesla's trade secrets.

18    However, in violation of this duty and Nevada law, Tripp disclosed that information to others, and

19    by doing so misappropriated Tesla's trade secrets. Nev. Rev. Stat. § 600A.030(2).

20    32.    As a direct result of Tripp's conduct, Tesla has suffered, and if the conduct is not

21    enjoined, will continue to suffer, harm. Tesla requests injunctive relief pursuant to Nev. Rev. Stat.

22    § 600A.040.

23    33.    Tripp's conduct entitles Tesla to its damages, as well as Tripp's unjust enrichment, in

24    an amount to be proven at trial. Nev. Rev. Stat. § 600A.050(1).

25    34.    Tesla requests that the Court take affirmative action to protect its trade secrets, as set

26    forth in 18 U.S.C. § 1836(b)(3)(A)(ii), including by ordering the inspection of Tripp's computers,

27    personal USB and electronic storage devices, email accounts, "cloud"-based storage accounts, and

28

- 5 -

5336561

1  mobile phone call and message history to determine the extent to which Tesla trade secrets were

2  wrongfully taken and/or disseminated to others.

3       35.    Tripp's misappropriation of Tesla's trade secret information was willful, wanton,

4  and/or reckless, and Tesla accordingly requests exemplary damages, as well as its attorney's fees.

5  Nev. Rev. Stat. § 600A.050(2); § 600A.060.

6                    **THIRD CLAIM FOR RELIEF**

7                       **Breach of Contract**

8       36.    Tesla realleges and incorporates by reference each of the foregoing paragraphs as

9  though fully set forth herein.

10       37.    Tesla and Tripp are parties to the Proprietary Information Agreement that Tripp

11  signed electronically on October 6, 2017. The contract is governed by California law.

12       38.    Tesla has performed all conditions, covenants, and promises required on its part to be

13  performed in accordance with the terms and conditions of the Proprietary Information Agreement.

14       39.    Pursuant to Section 1 of the Proprietary Information Agreement, Tripp agreed to "hold

15  in strictest confidence" and "not disclose, use, lecture upon or publish" any of Tesla's Proprietary

16  Information without express authorization.

17       40.    Per the Proprietary Information Agreement, Proprietary Information includes

18  "information relating to products, processes, know-how, designs, formulas, methods, developmental

19  or experimental work, improvements, discoveries, inventions, ideas, source and object codes, data,

20  programs, other works of authorship, and plans for research and development."

21       41.    Despite the express terms of the Proprietary Information Agreement, Tripp breached

22  his contractual obligations to Tesla by, among other things:

23            a.    Writing software to hack Tesla's MOS;

24            b.    Divulging confidential and proprietary information, combined with fabricated

25                 data and other false information, about Tesla's Model 3 operations at the

26                 Gigafactory to third parties;

27            c.    Transferring confidential and proprietary data from Tesla's MOS to third

28                 parties;

- 6 -

COMPLAINT

5336561

|   |   |   |
|---|---|---|
| 1 | d. | Sending third parties a confidential code or "query"; |
| 2 | e. | Taking and sharing with third parties dozens of photographs of Tesla's |
| 3 |   | manufacturing systems; and |
| 4 | f. | Taking and sharing with third parties a video of Tesla's manufacturing |
| 5 |   | systems. |

42.     Through his conduct described herein, Tripp breached his contractual obligations to Tesla.

43.     As a direct and proximate result of the foregoing breaches, Tesla has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty of Loyalty

44.     Tesla realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

45.     As an employee of Tesla, under Nevada law, Tripp owed a duty of loyalty to act solely in the interests of his employer within the business area for which he is employed.

46.     As a trusted employee, Tripp owed Tesla a duty that required him to, among other things, refrain from conducting activities in any manner inimical to Tesla's best interests.

47.     Tripp breached his fiduciary duty of loyalty to Tesla by engaging in the wrongful conduct alleged herein while still employed by Tesla, including, but not limited to:

a.     Writing software to hack Tesla's MOS;

b.     Divulging confidential and proprietary information in violation of his Proprietary Information Agreement and duties to Tesla;

c.     Providing third parties with unauthorized access to proprietary information contained in Tesla's electronic devices and systems;

d.     Taking and sharing with third parties dozens of photographs of Tesla's manufacturing systems;

e.     Taking and sharing with third parties a video of Tesla's manufacturing systems;

- 7 -
COMPLAINT

f.   Falsely modifying Tesla's proprietary information before sending it to third parties; and

g.   Making false claims to third parties about the information that he wrongly took.

48.   Tripp's wrongful conduct alleged herein occurred at a time when he continued to owe duties to Tesla. Tripp utilized Tesla's time, facilities, and resources to engage in this wrongful conduct.

49.   As a direct and proximate result of these breaches, Tesla has sustained and will incur further damages including, but not limited to, damages reflecting lost business, lost profits, and damage to its goodwill, in amounts to be proven at trial. Tesla has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

50.   The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Tesla to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## FIFTH CLAIM FOR RELIEF

### Nevada Computer Crimes Law (Nev. Rev. Stat. § 205.4765)

51.   Tesla realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

52.   Tripp has violated Nev. Rev. Stat. § 205.4765(1) by knowingly, willfully and without authorization modifying, disclosing, using, transferring, taking, retaining possession of, copying, obtaining or attempting to obtain access to, and permitting access to data, programs, and supporting documents that exist inside or outside Tesla's computers, computer systems, and/or computer networks.

53.   Tripp has violated Nev. Rev. Stat. § 205.4765(3) by knowingly, willfully and without authorization taking, altering, transferring, disclosing, copying, using, retaining possession of,

5336561

1  obtaining or attempting to obtain access to, and permitting access to Tesla's computers, computer

2  systems, and/or computer networks.

3      54.    As described above, Tripp wrote software that hacked Tesla's MOS and transferred

4  to third parties confidential data (including photographs and a video of Tesla's manufacturing

5  systems), combined with fabricated data and other false information, that was not authorized to be

6  disclosed regarding, among other things, Tesla's financials, the process for manufacturing batteries

7  for Model 3, and the amount of scrap and raw materials used at the Gigafactory.

8      55.    As a direct and proximate result of Tripp's unlawful conduct within the meaning

9  of Nev. Rev. Stat. § 205.4765, Tripp has caused damage to Tesla in an amount to be proven at trial.

10  Tesla is also entitled to recover its reasonable attorneys' fees pursuant to Nev. Rev. Stat. §

11  205.511(1)(c).

12      56.    Tesla is informed and believes that the aforementioned acts were willful and

13  malicious in that Tripp's acts described above were done with the deliberate intent to injure Tesla's

14  business. Tesla is therefore entitled to punitive damages under Nev. Rev. Stat. § 205.511(1)(c).

15                          **PRAYER FOR RELIEF**

16      WHEREFORE, Tesla respectfully prays for relief as follows:

17      A.    For injunctive relief enjoining Tripp and all persons or entities acting in concert or

18  participation with him from obtaining, using, or disclosing any of Tesla's confidential information

19  or trade secrets;

20      B.    For compensatory damages in an amount to be proven at trial;

21      C.    For punitive and exemplary damages;

22      D.    For prejudgment interest according to law;

23      E.    For recovery of attorneys' fees, costs, and expenses incurred in this action; and

24      F.    For such other and further relief as the Court may deem just and proper.

25

26

27

28

- 9 -
COMPLAINT

5336561

1   Dated: June 19, 2018                          JACKSON LEWIS P.C.

2

3                                                 By:   /s/ Joshua A. Sliker
                                                        Joshua A. Sliker
4                                                       Attorneys for Plaintiff
                                                        Tesla, Inc.
5

6   Dated: June 19, 2018                          HUESTON HENNIGAN LLP

7

8                                                 By:   /s/John C. Hueston
                                                        John C. Hueston (*pro hac vice*
9                                                       *forthcoming*)
                                                        Attorneys for Plaintiff
10                                                      Tesla, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -
COMPLAINT

5336561

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Tesla, Inc. hereby demands a trial by jury of all issues so triable.

3

4    Dated: June 19, 2018                              JACKSON LEWIS P.C.

5

6                                                      By:    /s/ Joshua A. Sliker
                                                             Joshua A. Sliker
7                                                            Attorneys for Plaintiff
                                                            Tesla, Inc.
8

9    Dated: June 19, 2018                              HUESTON HENNIGAN LLP

10

11                                                     By:    /s/John C. Hueston
                                                             John C. Hueston (*pro hac vice*
12                                                           *forthcoming*)
                                                            Attorneys for Plaintiff
13                                                          Tesla, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -
COMPLAINT

5336561

## STATEMENT REGARDING LR IA 11-2

Counsel for Plaintiff Tesla, Inc. will comply with LR IA 11-2 within 21 days of this filing.

Dated: June 19, 2018                    JACKSON LEWIS P.C.


                                        By:   /s/ Joshua A. Sliker
                                              Joshua A. Sliker
                                              Attorneys for Plaintiff
                                              Tesla, Inc.


Dated: June 19, 2018                    HUESTON HENNIGAN LLP


                                        By:   /s/John C. Hueston
                                              John C. Hueston (*pro hac vice*
                                              *forthcoming*)
                                              Attorneys for Plaintiff
                                              Tesla, Inc.

- 12 -
COMPLAINT

5336561

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| TESLA, INC., | ) | 3:19-CV-0296-MMD-CLB |
| | ) | |
| Plaintiff(s), | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | DATE:  August 14, 2020 |
| | ) | |
| MARTIN TRIPP, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

PRESENT:    THE HONORABLE CARLA BALDWIN,          U.S. MAGISTRATE JUDGE

Deputy Clerk:        Lisa Mann          Court Reporter:      Liberty Recorder

Counsel for Plaintiff(s):    Alexander Spiro, Jeanine Zalduendo, and Michael Lifrak

Counsel for Defendant(s):    William Fischbach, Robert Mitchell, and Martin Tripp

PROCEEDINGS:  VIDEO STATUS CONFERENCE

7:02 a.m.  Court convenes.

The Court addresses the parties regarding the purpose of this hearing.

With respect to the pending motion to withdraw as counsel with consent (ECF No. 202),

both Mr. Tripp and Mr. Spiro advise that they have no objection to the law firm of Tiffany &

Bosco, P.A. withdrawing as counsel of record for Mr. Tripp.  Therefore, the Court finds that the

motion to withdraw as counsel with consent (ECF No. 202) is GRANTED with the caveat that

the "attorneys' eyes only" documents remain in their possession pending the resolution of the

issues concerning the protective order in this case.

The Court notes that Mr. Tripp has violated the protective order (ECF No. 44) and the Court's most recent order (ECF No. 205) in this case.

The Court explains and clarifies the current status of this case for the benefit of Mr. Tripp.

The Court inquires and the parties advise that they are amenable to engaging in private settlement negotiations with the Court as a way wherein the issues currently before this Court can be resolved today including the possibility of scheduling a settlement conference in this case.

7:23 a.m. Court recesses.

8:42 a.m. Court reconvenes.

The Court advises that the parties have reached an agreement concerning the ongoing emergency motions that have been filed on behalf of the plaintiff related to the violations of the protective order in this case.

The Court recites the material agreements of the parties as follows:

1. Mr. Tripp agrees that he knowingly and willingly disclosed information regarding this case in violation of the Court's orders (ECF No. 44) and (ECF No. 205) and agrees to the following sanctions.

2. Mr. Tripp agrees to pay Tesla, Inc., the amount of twenty-five thousand ($25,000.00) dollars in attorneys fees within the next sixty (60) days. If Mr. Tripp is unable to pay the agreed upon amount within sixty (60) days, Mr. Tripp shall contact Mr. Spiro to discuss how such fees will be paid.

3. Mr. Tripp agrees that he will not re-upload or re-post any of the prohibited

information by any means or mechanism through the internet, through emails, or any

other communications, including the printing of such information for dissemination.

In other words, Mr. Tripp agrees not to disclose any information subject to the

protective order (ECF No. 44) in this case.

4. Mr. Tripp agrees that should he disclose any information subject to the protective

order (ECF No. 44), and in violation of this agreement, that he will be subject to a

five hundred ($500.00) dollar a day sanction to be made payable to Tesla, Inc.

5. Mr. Tripp agrees to take all necessary efforts to remove and take down any links, any

postings, any other means or mechanisms wherein parties can access these

documents, including whether the information is on any cloud based storage.

6. Mr. Tripp agrees to file, within the next seven (7) days, a notice of compliance with

the Court advising of all steps taken to remove this information from any websites.

7. Mr. Tripp agrees that he will not make any reference or description to anyone in

person, over the phone, in an email, or on any website about the "attorneys' eyes

only" documents in violation of the protective order (ECF No. 44).

Therefore, plaintiff's emergency motion for order to show cause regarding civil

contempt and case-terminating sanctions under F.R.C.P. 37(B) (ECF No. 207) is

GRANTED based upon the terms as stated on the record. The Court makes a finding

that Mr. Tripp did knowingly and willingly violate the terms of the Court's protective

order (ECF No. 44) and the Court's subsequent order (ECF No. 205) and that the

sanctions that are being imposed pursuant to this agreement are appropriate and

sufficient under F.R.C.P. 37(B)(2) as well as the inherent power of the Court to

enforce its own orders.

IT IS SO ORDERED.

8:50 a.m.  Court adjourns.

THEREAFTER, the "attorneys' eyes only" documents are ORDERED to be held and

maintained by Mr. Tripp's former counsel until the Court rules on the motions for summary

judgment.  Following any orders that are entered on summary judgment, the Court will address

with the parties whether any of the "attorneys' eyes only" documents will be necessary to prove

any claims or defenses that will proceed to trial, and is so, how those documents will be made

accessible to Mr. Tripp, if he continues to represent himself.


DEBRA K. KEMPI, CLERK

By:_____/s/_____
      Lisa Mann, Deputy Clerk

# EXHIBIT 3



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MCDONALD CARANO LLP
Rory T. Kay (NSBN 12416)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9996

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael T. Lifrak (admitted pro hac vice)
   michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (admitted pro hac vice)
   jeaninezalduendo@quinnemanuel.com
Aubrey Jones (admitted pro hac vice)
   aubreyjones@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Attorneys for Plaintiff/Counter Defendant
TESLA, INC.

FILED   RECEIVED
ENTERED   SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 30 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| TESLA, INC., | Case No. 3:18-cv-00296-MMD-CLB |
| Plaintiff, | **STIPULATED JUDGMENT** |
| v. | |
| MARTIN TRIPP, | |
| Defendant. | |
| | |
| AND RELATED COUNTERCLAIMS | |

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

04684-23666/12443793.1

This Stipulated Judgment is being entered by and between plaintiff and counterclaim defendant Tesla, Inc. ("Tesla"); and defendant and counterclaimant Martin Tripp ("Tripp"), based upon the following facts and agreements:

A. Tesla filed this action on June 20, 2018 (ECF No. 1).

B. Tripp filed an answer and counterclaim on July 31, 2018. (ECF No. 25).

C. The Court issued an Order granting Tesla's motion for summary judgment related to Tripp's counterclaim on September 17, 2020. (ECF No. 217).

D. Based on an agreement between the parties, the Court ordered on August 14, 2020 that Tripp pay Tesla $25,000 in sanctions due to his violation of the Court's protective orders. (ECF No. 211).

E. Whereas Tripp acknowledges and agrees that he violated the Court's Protective Order and does not contest Tesla's contentions that he violated the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat §§ 600A. 10 *et seq.*, breached the Tesla Motors, Inc. Employee Proprietary Information and Inventions Agreement, breached his fiduciary duties to Tesla, and violated the Nevada Computer Crimes Law, Nev. Rev. Stat. § 205.4765. Tripp further acknowledges that his counterclaims against Tesla were funded by Cable Car Capital, short seller of Tesla stock.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

A.    Plaintiff Tesla shall have and recover from defendant and counterclaimant Tripp previously-awarded sanctions in the amount of $25,000.

B.    Tesla shall have the right to discovery consistent with Rule 69(a)(2), including but not limited to discovery regarding Tripp's income and any source and terms of litigation funding previously obtained by Tripp if Tripp fails to make agreed-upon payments of the previously-awarded sanctions. The Court shall issue subpoenas necessary to effect this provision, if needed.

1        C.    Plaintiff Tesla shall have and recover from defendant and counterclaimant Tripp

2    damages in the amount of $400,000 pursuant to the terms of a settlement agreement between the

3    parties.

4        D.    Tripp shall take nothing through his counterclaim.

5        E.    The parties shall bear their own costs and attorney's fees.

6        F.    The parties shall remain in compliance with the Court's protective orders in this

7    matter, including ECF Nos. 44 and 205, and the Court shall retain jurisdiction related thereto.

8        G.    The parties will destroy all Confidential and Attorneys' Eyes Only Information in

9    their possession within 90 (ninety) days of the date of the Stipulated Judgment, in conformance

10    with the terms of Section 16 of the Protective Order (ECF No. 44), and provide a certification

11    that they have done so.

12        H.    Tripp will destroy any documents that he acquired through his work at Tesla and

13    provide a certification within 90 (ninety) days of the date of the Stipulated Judgment that he had

14    done so.

15        I.    From the date of this Stipulated Judgment, the parties will not publicly disparage

16    each other (including any witness associated with this case) in any way. Specifically, Tripp

17    shall be enjoined from contacting, harassing, or disparaging Tesla or any of its former or current

18    executives or employees; Tripp shall be enjoined from discussing his employment at Tesla; and

19    Tripp shall be enjoined from entering any Tesla property at any time.

20        J.    The parties agree that this Stipulated Judgment can be enforced worldwide,

21    including the District of Nevada and/or where Tripp resides, including Hungary and that Tripp

22    waives all defenses, objections, or other challenges, including to lack of jurisdiction, to

23    enforcement of this Stipulated Judgment.

24        K.    Upon entry of this Stipulated Judgment, the parties shall dismiss their claims.

25    However, the Court shall retain jurisdiction regarding enforcement of this Stipulated Judgment

26    and any related agreement between the parties.

27

28

04684-23666/12443793.1                          Page 3 of 4

IT IS SO STIPULATED.

By Austin Marsh, Esq.

Tesla, Inc.

Dated: November 30, 2020

By _____

*Martin Tripp*

Dated: November 30, 2020

**ORDER**

**IT IS SO ORDERED.**

Date: __November 30, 2020__

Hon. Miranda M. Du
CHIEF UNITED STATES DISTRICT JUDGE

Case 3:18-cv-00296-MMD-CLB    Stipulated judgment